# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WINSTON W. )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 2:18-CV-251-JVB-JEM |

## OPINION AND ORDER

Plaintiff Winston W. seeks judicial review of the Social Security Commissioner's decision denying his claims for disability insurance and supplemental security income and asks this Court to reverse the decision of the Commissioner of Social Security and remand the case for further administrative proceedings. For the reasons below, the Court grants Plaintiff's request.

## PROCEDURAL BACKGROUND

On April 27, 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI. Plaintiff alleges that he became disabled on February 27, 2015. After an August 4, 2017 hearing, an administrative law judge (ALJ) issued an order denying Plaintiff's claims. In this order, the ALJ found that Plaintiff suffered from the severe impairments of gastroesophageal reflux disease (GERD), hiatal hernia, irritable bowel syndrome, and alcohol use disorder. (AR 19). The ALJ found that Plaintiff is unable to perform any past relevant work. (AR 24). However, the ALJ did find that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 24). Therefore, the ALJ found Plaintiff not disabled from February 27, 2015, through October 13, 2017, the date of the ALJ's decision. The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred in assigning only little weight to the medical opinion of Dr. Mavrelis (Plaintiff's treating physician), the ALJ failed to properly explore possible reasons for Plaintiff's medical noncompliance, and the ALJ failed to consider all of Plaintiff's medically documented impairments in formulating Plaintiff's residual functional capacity (RFC).

## A. Dr. Mavrelis's Opinion

For claims filed before March 27, 2017, as was Plaintiff's, a treating physician's medical opinion on the issues of the nature and severity of a claimant's impairments is to be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

On July 6, 2017, Dr. Mavrelis opined that Plaintiff could frequently lift and/or carry 10 pounds, could stand and/or walk less than 2 hours in an 8-hour workday, could sit less than 6 hours in an 8-hour workday, is limited in his upper extremities, could never climb, balance, kneel, crouch, crawl, or stoop, could frequently reach in all directions, is limited by blurry vision, and has environmental limitations regarding temperature extremes, noise, dust, vibration, humidity/wetness, hazards, fumes, odors, chemicals, and gases. (AR 579-82). Dr. Mavrelis supported the exertional limitations with Plaintiff's gallbladder and liver problems and his GERD, and the environmental limitations with Plaintiff's nausea and GERD. (AR 580, 582).

The ALJ only assigned Dr. Mavrelis's opinion "little weight," finding that "the objective medical evidence contradicts Dr. Mavrelis's opinion." (AR 23). The ALJ cites only one piece of evidence in the record in support: a February 27, 2017 ultrasound that showed an unremarkable gallbladder and liver. (AR 23 (citing AR 384)). However, the same page of the record shows that not all of Plaintiff's medical tests were normal. He had low creatinine serum levels, high alkaline phosphatase, and high AST and ALT levels. (AR 384). The ALJ points to no medical evidence or authority saying that all causes of gallbladder and liver problems would result in an abnormal ultrasound. The ALJ is not permitted to play doctor and determine that an unremarkable ultrasound contradicts the existence of liver and gall bladder problems. *See Kaminski v. Berryhill*, 894 F. 3d

870, 875 (7th Cir. 2018) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves." (quoting *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014))); *see also McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (holding that an ALJ cannot assess a medical test without the assistance of a medical expert).

The ALJ's second reason for assigning little weight to Dr. Mavrelis's opinion falls with the first. The ALJ wrote:

> The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

(AR 23-24). First, the ALJ directly connects this reason to the now-rejected finding that the ultrasound undercuts an opinion of liver and gallbladder issues. Second, "an ALJ's conjecture is never a permitted basis for ignoring a treating physician's views." *Moss v. Astrue*, 555 F.3d 556, 560 (7th Cir. 2009) (citing *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A treating physician's opinion should be awarded controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. The ALJ's hunch that medical professionals are willing to make false statements to the government to avoid tension with their patients neither shows that Dr. Mavrelis's opinion is not well-supported nor renders the opinion inconsistent with substantial evidence.

The ALJ's errors in assigning weight to treating physician Dr. Mavrelis's medical opinion requires remand of this matter for further administrative proceedings.

The Court also notes that the ALJ appears to have contradictorily found both that Plaintiff's "medically determinable impairments could reasonably expected to produce" Plaintiff's alleged blurry vision and difficulty lifting a gallon of milk, (AR 21-22), and (in addressing Dr. Mavrelis's opinion) that Plaintiff "has never been diagnosed with any impairment affecting his upper extremities or vision," (AR 23). These statements should be reconciled or amended on remand.

## B. Medical Noncompliance

Plaintiff argues that the ALJ improperly drew a negative inference from Plaintiff's medical noncompliance without inquiring into the reasons for the non-compliance. Social Security Ruling 16-3p provides that the Social Security Administration "will not find an individual's symptoms inconsistent with the evidence in the record on [the basis of failure to follow prescribed treatment] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).

The Commissioner counters that he is permitted to consider noncompliance, but he fails to address the requirement that he consider reasons for noncompliance before drawing a negative inference. He further argues that any error is harmless. The Court need not determine whether the error was harmless because this matter must be remanded on other grounds. On remand, the ALJ is ordered to comply with the administration's requirement that ALJs consider reasons for medical noncompliance before drawing a negative inference from noncompliance against Plaintiff.

## C. Residual Functional Capacity

Plaintiff argues that the ALJ did not include sufficient limitations in Plaintiff's RFC to account for his irritable bowel syndrome (IBS). Plaintiff asserts that he experiences pain that doubles him over for several hours several days per week and repeated bowel movements. The

ALJ accounted for Plaintiff's IBS, it appears, by limiting Plaintiff to positions were there is a restroom "on site." (AR 21).

The Commissioner, in contending that the ALJ committed no error on this point, says that Plaintiff would be able to use the bathroom up to 1 hour and 42 minutes per day under the VE's testimony. The Commissioner so concludes by noting that a worker is allotted 1 hour for lunch and breaks and could be off task a further 10% of the work day. The Court need not resolve the argument presented on this point, but the Court does note that the Commissioner's argument presumes (1) that Plaintiff has no other matters to attend to during his breaks, such as eating lunch, (2) that the lunch and breaks will always fall at times when Plaintiff needs to use the restroom, (3) that the lunch and breaks are paid time that count toward the 8-hour workday, and (4) that, though the only requirement in the RFC is that the bathroom is "on site," the restroom will be close enough to Plaintiff's work station that it effectively takes no time to get to the restroom.

On remand, the ALJ is instructed to consider Plaintiff's allegations that his IBS symptoms require him to be able to make random, unscheduled breaks as needed to a restroom that is not far away.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Memorandum of Law Challenging the Commissioner's Adverse Disability Determination [DE 14], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on January 30, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT